**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| DEANNA BLOMENBERG, as special administrator of THE ESTATE OF CHRISTINA BLOMENBERG, | Case No. 4:25CV3116 |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| ARCHER-DANIELS-MIDLAND COMPANY, | |
| Defendant, | |
| v. | |
| RAILSERVE, | |
| Defendant. | |

The parties' joint motion for entry of a Protective Order, Filing No. 30, is granted. The Court enters the following Protective Order to govern disclosure of information in this action.

Pursuant to Fed. R. Civ. P. 26, this General Protective Order ("Protective Order" or "Order") shall hereby govern the production and disclosure of documents and other materials in this matter. This discovery material could include, non-public research and development, commercial or financial information, other confidential, proprietary and non-public documents and information, the public disclosure of which could be detrimental to the interests of Defendants Archer-Daniels-Midland Company and Railserve (collectively "Defendants") and/or related corporate entities and/or documents which may contain information that is personal and confidential to Plaintiff Deanna Blomenberg, as special administrator of the Estate of Christina Blomenberg ("Plaintiff") and/or third parties (all together, "Parties"), including, but not limited to, protected health information of the Plaintiff(s); and documents and information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product

immunity, and immunities created by federal or state statute or regulation). The above-described documents and information, including electronically stored information, should be given the protection of an order of this Court to prevent irreparable harm through disclosure to persons other than those persons involved in the prosecution or defense of this litigation or related litigation, defined below as "Related Litigation.". Those persons involved in this litigation include the Parties, counsel for the Parties, their staff, and the experts retained as consulting or testifying experts.

The Protective Order shall govern discovery in the above-captioned matter, as follows:

I.      **SCOPE OF PROTECTED INFORMATION**

A.      The following definitions shall apply to this Order:

i.      **"Document":** All written, recorded, electronically stored, or graphic material produced or created by a Party or any other person, whether produced pursuant to a discovery request, the Federal Rules of Civil Procedure, subpoena, by agreement, or otherwise.

ii.     **"Confidential" Material:** Information, documents, (regardless of how generated, stored, or maintained) or tangible things that (1) are not available to the public by the Designating Party; and (2) the Designating Party believes in good faith contain (a) sensitive personal information; (b) confidential research and development information or proprietary financial or commercial information; (c) product formulae, production information, or business processes, including diagrams, schematics, and drawings; (d) information subject to a confidentiality agreement; (e) company guidelines, policies, procedures, handbooks, manuals, and training documents; (f) information not generally made available to the public by the Designating Party; and (g) any other non-public information that if disclosed to persons other than Parties to this litigation, may cause harm to the Designating Party or to the Designating Party's employees, customers, suppliers, clients, or contract counterparties. Examples of this type of information include, but are not limited to: medical records, , pricing data, production or business processes or methods, technical

2

product formulae, and/or other technical, commercial, business, or financial information typically treated as being of a confidential nature. The Designating Party shall have the right to designate such information as "CONFIDENTIAL – SUBJECT TO THE PROTECTIVE ORDER" pursuant to the applicable legal standard.

**iii.** **"Disclosure" or "Discovery Material":** All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are voluntarily exchanged, produced, or generated by any Party or non-Party in disclosures or responses to discovery in this action.

**iv.** **"Party":** Any named Party to the above-captioned matter.

**v.** **"Designating Party":** The Party or non-Party who so designates the protected information.

**vi.** **"Receiving Party":** The Party or non-Party to whom such information was produced or disclosed.

**vii.** **"Protected Material":** Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

## II.   DESIGNATION OF PROTECTED INFORMATION

A.   <u>Scope</u>:  This Order governs the production and handling of any Protected Material in this action. Any Party or non-Party who produces Protected Material in this action may designate it as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" consistent with the terms of this Order. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its own Protected Material outside of this action. In addition, any Party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other Party or Parties pursuant to the terms of this Order and the Federal Rules of Civil Procedure.

B.   <u>Application to Non-Parties</u>:  Before a non-Party is given copies of Protected Material as permitted hereunder, it must first sign the acknowledgment to be bound to these terms attached hereto as <u>Exhibit 1</u>; if it fails to do so, the Parties must resolve any

3

such dispute before making disclosure of Protected Material as permitted hereunder to the non-Party. If a non-Party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms attached hereto as <u>Exhibit 1</u>. The requirement of this provision does not apply to officers, managers, employees, parent companies, subsidiaries, affiliates, agents, and/or attorneys of the Designating Party. This provision does not expand the non-Parties to whom Protected Material may be disclosed beyond those listed in Section IV.B of this Order.

   C. <u>Timing and Provisional Protection</u>:  Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure. Deposition testimony will be deemed provisionally protected from the time of the deposition until 30 days after the transcript is released to the Parties by the court reporter, although the Parties may agree at any time to different timelines of provisional protection of information as Confidential as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing such that counsel and court reporters may append the designation to all copies of the transcripts.

   D. <u>Manner of Designation</u>:  Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the confidential nature of the material and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm in writing the designation. Whenever possible, the Designating Party shall stamp, affix, or embed a legend of "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on each designated page of the Document or electronic image. Any such stamp or designation shall not in any manner cover up, overlap upon, obscure, or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. In the case of Protected Material disclosed in non-paper or non-electronic medium (*e.g.*, videotape, audiotape, flash drives or other external information storage devices, etc.), the appropriate designation shall be affixed on the outside of the medium or its container, or in the folder or filename of such documents if produced electronically, so as to clearly give notice of the designation.

## III.  CHALLENGES TO DESIGNATED INFORMATION AND PROTECTED MATERIAL

In the event a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to NECivR 7.1(j) and other applicable rules. If the Parties cannot resolve the disagreement within 10 days of the informal notice, the Receiving Party must provide written notice of the challenge and the particularized basis therefore to the Designating Party, who must respond in writing to the challenge within 21 days. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the Protected Material will remain protected under this Order. Inadvertent or unintentional production of material without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order. Within twenty-one (21) days of discovering such inadvertent or unintentional disclosure, any Party to this Order may advise the other Parties that the material is to be designated as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under the terms of this Order and consistent with Section V below.

## IV.  LIMITED ACCESS/USE OF PROTECTED INFORMATION

A.  <u>Restricted Use</u>:  Information that is produced or exchanged in the course of this action and Protected Material may be used solely for: (1) the preparation, trial, and any appeal of this action; (2) related settlement negotiations; and (3) any related insurance coverage actions, related actions for indemnity or contribution, or related actions to enforce a party's contractual rights related to this matter (including Related Litigation defined below). No Protected Material may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of Protected Material agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any Protected Information and consulting with the Designating Party before responding to the subpoena. *See*

*Paragraph IV.G. below.* Any use or disclosure of Confidential information in violation of the terms of this Order may subject the disclosing person or Party to sanctions.

      B.    <u>Use in Related or Parallel Proceedings</u>: Notwithstanding the foregoing, the Parties agree that Protected Material produced in this action may also be used, disclosed, or otherwise made available in connection with any action by a Defendant to enforce contractual or insurance rights (including rights to insurance coverage, contribution, or indemnity) related to the subject of this litigation (the "Related Litigation"), subject to the following conditions:

          i.    Before Protected Information is used or disclosed in the Related Litigation, the receiving Party shall ensure that the material is designated and treated as CONFIDENTIAL under a protective order entered in that proceeding that provides protections no less stringent than those contained in this Protective Order.

          ii.    The Parties shall confer in good faith to coordinate procedures for filing or referring to CONFIDENTIAL material in the Related Litigation so as to maintain its confidentiality, including filing under seal where appropriate.

      C.    <u>Access to "Confidential" Information</u>:  The Parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may only be accessed or reviewed by the following:

          iii.    The Court, its personnel, and court reporters;

          iv.    Counsel of record for any Party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

          v.    In-house legal counsel and paraprofessionals;

          vi.    Insurers or risk pool providers of Parties to this litigation, including claims personnel, attorneys, paraprofessionals, and employees of any such insurer or risk pool provider, including but not limited to Old Republic;

          vii.    The Parties, including their agents and employees who are assisting or have reason to know of this action, so long as each such agent or

employee has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit 1</u>;

viii.   The Parties in the Related Litigation, including not limited to Railserve and Old Republic;

ix.   Experts or consultants employed by the Parties or their counsel for purposes of this action and administrative support staff, if any, to whom disclosure is reasonably necessary for the Action, and who has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit 1</u>;

x.   Neutral evaluators or evaluators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties;

xi.   Professional vendors providing litigation support for services such as copying, scanning, or electronic document processing to whom disclosure is reasonably necessary for this action; and

xii.   Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons affiliated with the Court reporter preparing transcripts of testimony;

xiii.   Other witnesses or persons with the Designating Party's consent or by court order.

D.   <u>Review of Witness Acknowledgments</u>:  At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of Exhibit 1 in any Receiving Party's possession. The Receiving Party must, within three (3) business days of the demand, provide all such copies to the Designating Party making the demand. Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said experts. If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party. However, if the

7

Designating Party provides to the Court evidence of breach of this Order, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

      E.    <u>Non-Waiver Effect of Designations</u>: Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any Party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any Protected Material is or is not Confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law. Nothing in this Order shall be construed to require any Party to disclose to any other Party any Protected Material, or to prohibit any Party from refusing to disclose protected information to any other Party.

      F.    <u>In-Court Use of Designated Information and Protected Material</u>: If information designated pursuant to this Order will or may be offered in evidence at a hearing or trial, then the offering Party must give advance notice to the Designating Party prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*.

      Nothing in this Order shall be construed as a waiver by a Party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

      G.    <u>Information Demanded by Subpoena</u>: If a Receiving Party is served with a subpoena or an order issued in other litigation, other than the Related Litigation, that would compel disclosure of any Protected Material, the Receiving Party must so notify the Designating Party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notifications must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Protected Material in the court from which the

subpoena or issue is ordered. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody, or control Protected Material by the other Party to this action. Nothing in these provisions shall be construed as requiring Defendants to provide notice to Plaintiffs or Third Parties in this action for use of Protected Information in the Related Litigation.

H.    Production of Non-Party Information:   If a Party is served with a valid discovery request in this action to produce a non-Party's Confidential information in its possession, and the Party is subject to an agreement with the non-Party not to produce the non-Party's Confidential information, then the Party shall (a) promptly notify in writing the requesting Party and the non-Party that some or all of the information requested is subject to a confidentiality agreement with the non-Party; (b) promptly provide the non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) upon request of the non-Party, allow the non-Party to inspect the information being sought in discovery. If the non-Party fails to object to or seek a protective order from this Court within twenty-one (21) days of receiving the notice and accompanying information, the Receiving Party may produce the non-Party's Confidential information responsive to the discovery request. If the non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-Party before a determination by the Court. Absent a court order to the contrary, the non-Party shall bear the burden and expense of seeking protection from the Court of its Confidential information. Nothing in these provisions should be construed as requiring Defendants to provide notice to Plaintiffs or Third Parties in this action for use of Protected Information in the Related Litigation.

I.    Use of Confidential Documents in Depositions: If a party seeks to use any material designated as CONFIDENTIAL in a deposition, the deposition transcript discussing the information shall likewise be deemed designated as CONFIDENTIAL and subject to this order. Information designated as CONFIDENTIAL may be used in a non-party deposition only if necessary to the testimony of the witness.

9

J.    <u>Restricted Use of Protected Material with Artificial Intelligence</u>: The Receiving Party shall not provide, input, upload, transmit, or otherwise use any material designated as Protected Material to any generative artificial intelligence platform, machine-learning model, deep learning model, large language model, or other neural network ("AI Platforms") that operates outside the Receiving Party's secure environment, uses inputs for model training, fine-tuning, or evaluation, or makes such inputs accessible to any third party. Prohibited AI Platforms include publicly available platforms including Claude, Gemini, ChatGPT, Perplexity, Grok, Copilot, or any similar system that (a) retains or logs prompts or other user inputs; (b) uses inputs to train or otherwise influence or improve or assess models; or (c) permits provider access to user data. This prohibition applies regardless of how the Protected Information is provided (written, spoken, redacted, paraphrased, or anonymized).

## V.    CLAW-BACK REQUESTS

A.    <u>Failure to Make Designation</u>:  If, at any time, a Party or non-Party discovers that it produced or disclosed protected information without designation, it must promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification). The Receiving Party may then request substitute production of the newly designated information. Within seven (7) days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistent with the Receiving Party's attorney-client, work product, and/or trial preparation privileges.

B.    <u>Inadvertent Production of Privileged Information</u>: If a Designating Party inadvertently or unintentionally produces to a Receiving Party any document or information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation), the Designating Party shall, upon discovery of the

10

inadvertent production, give notice to the Receiving Party in writing of the Designating Party's claim of privilege or immunity from discovery. Thereafter, the Receiving Party shall immediately return to the Designating Party the original and all copies of the restricted materials, including copies of the restricted materials disseminated to other persons by the Receiving Party. The Receiving Party will be deemed to have notice that material is restricted if the Party reasonably should recognize the material is privileged or protected from discovery, or upon written notice by the Designating Party. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the Designating Party's claim of privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter. In the event that the Receiving Party disagrees with the Designating Party's claim of privilege or immunity, then the Receiving Party shall notify the Designating Party within five (5) court days of receipt of the Designating Party's written notice of claim of privilege and shall set forth the precise grounds upon which the Receiving Party's position rests. If the Parties cannot resolve the matter, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the Receiving Party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the Receiving Party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court.

## VI.    DURATION/CONTINUED RESTRICTIONS

A.    <u>Handling of Designated Information and Protected Material Upon Conclusion of Action</u>:  Upon conclusion of this action, including all appeals, each Designating Party is responsible for ensuring that any Party or person to whom the Party shared or disclosed Protected Material in this action returns or destroys all of its copies, regardless of the medium in which it was stored  In the event that documents stamped "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" were produced in electronic form or were put into electronic form by the Receiving Party with the consent of the Producing Party, then the Receiving Party will delete all electronic copies of stamped confidential documents from all computer systems, disks, and other

11

electronic medium and devices. No witness or Party may retain Protected Material that it received from any other Party or non-Party under this Order; only counsel of record, inhouse counsel, and insurers are the authorized agents who may retain one copy for their respective legal files in accordance with their ethical obligations and file retention policy, and who must also describe to the Designating Party, with sixty (60) days after the latter of (1) dismissal of this action; (2) expiration of all deadlines for appeal; or (3) dismissal or conclusion of any other pending action brought by claimants represented by counsel in this matter, the extra steps taken to seal its legal file containing paper and/or electronic copies of the Protected Material so that it is not accessed, used, or disclosed inconsistently with the obligations under this Order. This provision does not apply to the Court or Court staff.

B.    <u>Continued Restrictions Under this Order</u>:  The restrictions on disclosure and use of confidential information survive the conclusion of this action.

## VII.    REQUESTS TO FILE AS RESTRICTED DOCUMENT

A.    <u>Filing Documents as Restricted</u>:    No document(s) designated "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be filed with the Court unless the Party seeking to file the Protected Material first makes all reasonable efforts to file the document(s) as a restricted document. If a Party files a document containing "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" documents or information, that Party shall make all reasonable efforts to file it as a restricted document in compliance with the filing procedures for this Court. Likewise, all information designated as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be redacted from any publicly available Court filing. For the avoidance of doubt, the filing Party's obligation to redact confidential information shall extend to all information derived from materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including any summaries, paraphrasing, or analysis of confidential material in filing submitted to the Court.

If after undertaking all reasonable efforts to file Protected Material as a restricted document, the Court does not permit the Protected Material to be filed as a restricted document by either rule or court order, a party may file unredacted Protected

Material after: (1) providing written notice to the Designating Party; (2) upon request of the Designating Party, meeting and conferring with the Designating Party regarding the request to publicly file Protected Material; and (3) upon request of the Designating Party, conferring with the Court regarding alternatives to publicly filing Protected Material.

B.    Challenging "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" Designations:    Prior to the filing of any motion seeking to challenge the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" as set forth in Section III above, the Parties agree that the Party challenging the designation will meet with and confer with the Designating Party, in good faith, to discuss the challenging Party's challenge to the designation. If the Parties are not able to resolve the challenge to the designation, the Parties will request a conference with the Court in accordance with NECivR 7.1(j) to discuss the issue, following which the contesting Party may move for an order removing or altering the "Confidential" designation with regard to such document(s).

Dated this 18th day of December, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge

# <u>EXHIBIT 1</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| DEANNA BLOMENBERG, as special administrator of THE ESTATE OF CHRISTINA BLOMENBERG, <br><br> Plaintiff, <br><br> v. <br><br> ARCHER-DANIELS-MIDLAND COMPANY, <br><br> Defendant, <br><br> v. <br><br> RAILSERVE, <br><br> Defendant. | Case No. 4:25-CV-03116 <br><br><br> **AGREEMENT TO BE BOUND BY GENERAL PROTECTIVE ORDER** |

1.      I, _____, have received and read the General Protective Order ("Protective Order") concerning the confidentiality of documents and information in the above-captioned litigation. I understand that the Protective Order is a Court order designed to preserve the confidentiality of certain confidential documents and information. I also understand that the Protective Order restricts the use, disclosure, and retention of such confidential documents and information and also requires the safeguarding and return of documents and other materials containing confidential information.

2.      I agree to comply with all provisions of the Protective Order. Within 30 days of this lawsuit's conclusion, either by judgment and the expiration of any and all appeals therefrom, or by settlement, I will send to counsel for the Designating Party a certification that I have complied with the terms of the Protective Order including, but not limited to, the terms regarding the return or destruction of all information subject to the Protective Order.

3.      I also hereby submit myself to the jurisdiction of this Court for the purpose of enforcement of any provision of the Protective Order.


Dated:_____
Signed:_____

DMS_US.374842051.1